DeAnn Johnson©
c/o General Mail Delivery
Lancaster, California 93534
msdeannjohnson@gmail.com

# UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA –

## WESTERN DIVISION

DeAnn Johnson©™, a living woman, sui juris,

     Plaintiff,

vs.

Exeter Finance LLC; Paramount Recovery; Jason Grubb, Esq.; Austin Kinney, Esq.; Hon. Stephen Morgan (in personal capacity), Defendants.

     Defendant

Case No.: _2:25cv08102 – JAK-(MBK)_

**VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS**

## CONTINUOUS VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS

## I. INTRODUCTION

1. DeAnn Johnson©™, a living woman, sui juris, appears in propria persona. DeAnn Johnson©™, is not a corporate entity, statutory "person," or legal fiction.

2. This action arises from Defendants' unlawful retention of DeAnn Johnson©™, negotiable instrument, misrepresentation in arbitration, wrongful repossession of trust property, and refusal to provide proof of lawful authority.

VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS - 1

3. DeAnn Johnson©™, brings this case to recover damages, secure immediate return of trust property, enforce federal and constitutional rights, compel discovery, and obtain injunctive relief.

## II. JURISDICTION AND VENUE

4. Jurisdiction is proper under:

   o 28 U.S.C. § 1331 (federal question);

   o 28 U.S.C. § 1332 (diversity of citizenship);

   o 42 U.S.C. §§ 1983 & 1985 (civil rights violations);

   o 28 U.S.C. § 1367 (supplemental jurisdiction for related state law claims).

5. Venue is proper under 28 U.S.C. § 1391 because:

   o Defendants transact business and operate within this district;

   o Events giving rise to this complaint occurred in this district.

## III. PARTIES

6. DeAnn Johnson©™, living woman, sui juris, appearing in propria persona.

7. Defendants:

   o Exeter Finance LLC: Corporate lender engaged in fraudulent lending and misappropriation of DeAnn Johnson©™'s assets.

   o Paramount Recovery: Debt collection agency acting on behalf of Exeter Finance.

   o Jason Grubb, Esq., and Austin Kinney, Esq.: Attorneys for Exeter, involved in arbitration misrepresentation and refusal to return DeAnn Johnson©™'s negotiable instrument.

   o Harvey Moore Atty, Debt Collector for Exeter

VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS - 2

      o   Hon. Stephen Morgan: State court judge presiding over related matters; personally liable for failure to recuse and deprivation of due process.

## IV. FACTUAL ALLEGATIONS

8. DeAnn Johnson©™, issued a negotiable instrument to Exeter Finance, which was wrongfully retained, contrary to law and arbitration statements.

9. Defendants lied in arbitration, claiming non-receipt of the instrument; months later, they admitted receipt and refused to return it.

10. DeAnn Johnson©™, vehicle, part of her trust property, was wrongfully taken to auction. LAPD recovered the vehicle at a cost of $850, paid by DeAnn Johnson©™,

11. Defendants have never produced lawful proof of a loan, contract, or authority to possess or convert DeAnn Johnson©™, assets.

12. DeAnn Johnson©™, claims and interests are perfected under UCC Articles 1 & 3, with a published fee schedule through the LRO, establishing notice and entitlement to compensation.

13. Defendants have profited from DeAnn Johnson©™'s assets while denying rightful ownership and obstructing recovery, constituting fraud, conversion, and unjust enrichment.

14. DeAnn Johnson©™ has repeatedly demanded return of her property, proof of loan, and supporting documentation, which Defendants have ignored or refused.

## V. CLAIMS FOR RELIEF (COUNTS)

Count I – Fraud & Misrepresentation

VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS - 3

15. Defendants knowingly made false statements in arbitration and other proceedings regarding receipt of DeAnn Johnson©™'s negotiable instrument.

16. Defendants intended to mislead DeAnn Johnson©™ and unlawfully gain benefit from her property.

17. DeAnn Johnson©™ suffered damages including loss of vehicle use, recovery costs, and loss of income.

Count II – Conversion

18. Defendants exercised unauthorized control over DeAnn Johnson©™'s negotiable instrument and trust property.

19. Defendants refused to return or account for the instrument or assets, causing measurable loss.

Count III – Breach of Contract / Failure of Consideration

20. Defendants never provided lawful consideration for a loan or any enforceable contract.

21. Retention of the negotiable instrument and use of DeAnn Johnson©™'s property constitutes breach of any implied or express agreement.

Count IV – Civil Rights Violations (42 U.S.C. §§ 1983 & 1985)

22. Defendants, acting under color of law or collusion with state actors, deprived DeAnn Johnson©™ of constitutional rights:

- Due Process (Fifth & Fourteenth Amendments)

- Right to freely contract

- Right to property without unlawful seizure or conversion

VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS - 4

Count V – RICO / Pattern of Racketeering

23. Defendants engaged in a pattern of fraudulent acts, including misrepresentation, retention of instruments, coercion, and abuse of arbitration, constituting racketeering under 18 U.S.C. § 1961 et seq.

Count VI – Declaratory & Injunctive Relief

24. DeAnn Johnson©™ requests declaratory relief establishing:

- Defendants have no lawful claim or authority over DeAnn Johnson©™'s property;

- DeAnn Johnson©™ is entitled to immediate return of all property and monetary damages.

25. DeAnn Johnson©™ requests preliminary and permanent injunctions prohibiting Defendants from further acting against DeAnn Johnson©™'s property or instruments.

## VI. DEFAULT & DEMAND FOR DOCUMENTS

26. DeAnn Johnson©™ demands that Defendants produce within 21 days:

- Original loan contract or instrument;

- Proof of lawful authority to possess or collect on any loan;

- Arbitration transcripts;

- SEC filings, if applicable;

- Oath of office, surety bonds, and BAR licenses of all defendants/attorneys.

27. DeAnn Johnson©™ further demands immediate return of trust property, including vehicle and negotiable instruments.

28. DeAnn Johnson©™ asserts that failure to respond or provide requested documents will result in default judgment in favor of DeAnn Johnson©™ for all claims.

VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS - 5

## VII. DAMAGES & RELIEF REQUESTED

29. Compensatory and punitive damages for:

- Fraud and misrepresentation

- Conversion of negotiable instruments and trust property

- Civil rights violations

- RICO violations

30. Statutory, treble, and interest damages under:

- UCC Articles 1 & 3

- Published LRO fee schedule

31. Return of all misappropriated property and instruments.

32. Injunction preventing Defendants from further interference with DeAnn Johnson©™'s property.

33. Declaratory relief confirming Defendants' lack of lawful authority.

34. Production of all requested documents as listed above.

35. Costs, fees, and any further relief the Court deems just.

## VIII. EMERGENCY RELIEF / TRO

36. DeAnn Johnson©™ requests an immediate temporary restraining order and preliminary injunction preventing:

- Sale, auction, or repossession of any property;

- Defendants' collection actions or interference with negotiable instruments;

- Any further deprivation of DeAnn Johnson©™'s rights or property.

VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS - 6

37. DeAnn Johnson©™ asserts that irreparable harm will occur immediately if relief is not granted.

## IX. CIVIL COVER SHEET SUMMARY (JS-44)

Plaintiff: DeAnn Johnson©™, living woman, sui juris

Defendants: Exeter Finance LLC; Paramount Recovery; Jason Grubb, Esq.; Austin Kinney, Esq.; Hon. Stephen Morgan (personal capacity)

Nature of Suit: 440 Civil Rights (42 U.S.C. §§ 1983, 1985, due process violations, conversion, fraud)

Cause of Action: Fraud, Conversion, Civil Rights Violation, RICO, Declaratory & Injunctive Relief

Origin: Original Federal Case

Jurisdiction: Federal Question (28 U.S.C. § 1331) and Supplemental Jurisdiction (28 U.S.C. § 1367)

Requested in Complaint:

- Compensatory and punitive damages

- Declaratory judgment

- Injunctive relief (TRO / preliminary injunction)

- Costs, fees, and any further relief the Court deems proper

## X. SUMMONS (One Per Defendant)

**Exeter Finance LLC**
**Attn: Litigation**
**Post Office Box 166008**
**Irving Texas 75016**

VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS - 7

**Harvey Moore Attorney**
**Debt Collector**
**Moore Law Group**
**3710 South Susan Street**
 **Suite 210**
**Santa Ana, California 92704-6956**


**Paramount Recovery**
**4045 East Guasti Road**
**Suite 205**
**Ontarion California 91761-1531**
**Attn: Legal department**

**Jason Grubb, Esq.**
**270 North El Camino Real**
**Encinitas, California 92024**

**Austin Kinney, Esq.**
**Severson & Werson, APC**
**19100 Von Karman Avenue**
**Suite 700**
**Irvine, CA 92612-6578**

**Hon. Stephen Morgan**
**111 North Hill Street**
**Los Angeles, California 90012**

You are hereby summoned and required to serve an answer to the Verified Complaint filed by DeAnn Johnson©™, a living woman, sui juris, in this Court within 21 days after service of this summons. If you fail to respond, judgment by default may be taken against you for the relief demanded in the complaint.

Date: 08/27/2025

Clerk of Court: _____

Seal:

VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS - 8

## XI. CERTIFICATE OF SERVICE

I, DeAnn Johnson©™, certify that on this 28th day of August 2025, I served the Verified Complaint, Civil Cover Sheet, Summons, TRO / Preliminary Injunction, and Exhibit Packet upon all Defendants:

- Exeter Finance LLC

- Paramount Recovery

- Jason Grubb, Esq.

- Austin Kinney, Esq.

- Hon. Stephen Morgan (personal capacity)

Method of Service: Certified Mail

By special appearance only, all rights reserved.
All rights reserved, none waived.
/s/: DeAnn Johnson©™
DeAnn Johnson©™
Settlor, Executor, and Trustee
ALL Rights Reserved Without Recourse
UCC 1-308 Private American

VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS - 9

## XII. TRO / PRELIMINARY INJUNCTION – PROPOSED ORDER

ORDER GRANTING TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION

Upon review of DeAnn Johnson©™'s Verified Complaint and emergency motion, the Court ORDERS:

1. Defendants are immediately enjoined from taking, auctioning, repossessing, or otherwise interfering with DeAnn Johnson©™'s trust property, including vehicles and negotiable instruments.

2. Defendants shall return all wrongfully withheld instruments and property within 7 days of this Order.

3. Defendants shall produce proof of lawful authority, original loan agreements, arbitration transcripts, SEC filings, oaths of office, and bonding documentation within 14 days.

4. This Order remains in effect until further Order of this Court, including

DATED: 8/27/2025

_____

United States District Judge

VERIFIED COMPLAINT WITH EMERGENCY RELIEF, DEMANDS, AND EXHIBITS - 10



**U.S. Department of Justice**

Office of the Solicitor General

---

*The Solicitor General*                                    *Washington, D.C. 20530*

February 20, 2025

The Honorable Charles Grassley
President Pro Tempore
United States Senate
Washington, DC 20510

      Re:    Multilayer Restrictions on the Removal of Administrative Law Judges

Dear Senator Grassley:

    Pursuant to 28 U.S.C. 530D, I am writing to advise you that the Department of Justice has concluded that the multiple layers of removal restrictions for administrative law judges (ALJs) in 5 U.S.C. 1202(d) and 7521(a) violate the Constitution, that the Department will no longer defend them in court, and that the Department has taken that position in ongoing litigation. See 2/11/25 Letter, *Axalta Coating Systems LLC v. FAA*, No. 23-2376 (3d Cir.).

    In *Free Enterprise Fund* v. *PCAOB*, 561 U.S. 477 (2010), the Supreme Court determined that granting "multilayer protection from removal" to executive officers "is contrary to Article II's vesting of the executive power in the President." *Id.* at 484. The President may not "be restricted in his ability to remove a principal [executive] officer, who is in turn restricted in his ability to remove an inferior [executive] officer." *Ibid.*

    A federal statute provides that a federal agency may remove an ALJ "only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board." 5 U.S.C. 7521(a). Another statute provides that a member of the Board "may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. 1202(d). Consistent with the Supreme Court's decision in *Free Enterprise Fund*, the Department has determined that those statutory provisions violate Article II by restricting the President's ability to remove principal executive officers, who are in turn restricted in their ability to remove inferior executive officers.

    Please let me know if I can be of any further assistance in this matter.

                        Sincerely,

                        Sarah M. Harris
                        Acting Solicitor General